FILED

AUG - 7 2026

ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TONYA S.,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

25-CV-00072-MJR

DECISION AND ORDER

        Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.

        Plaintiff Tonya S.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 9) is granted, and defendant's motion (Dkt. No. 19) is denied.

_____

    [1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed applications for DIB and SSI on September 5, 2014, alleging disability beginning January 1, 2008. (Administrative Transcript ["Tr."] 16, 211-20). Her applications were denied at the initial, hearing, and Appeals Council ("AC") levels. (Tr. 1, 16). Plaintiff then appealed to this Court, which resulted in a remand on July 15, 2018. (Tr. 1202-20).

Upon remand, on April 15, 2021, another administrative hearing was held, after which Plaintiff's applications were denied again. (Tr. 1031-1125). Plaintiff appealed again to this Court, which resulted in a stipulation for remand on September 1, 2022. (Tr. 2558-60).

Upon the second remand, a further administrative hearing was held on November 14, 2023, April 23, 2024, and August 20, 2024. (Tr. 2391-2514). Plaintiff appeared at the hearing, with counsel. A vocational expert ("VE") also testified. Plaintiff's applications were once again denied, on September 27, 2024. (Tr. 2339-88). This third appeal to this Court followed.

## DISCUSSION

### I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." Id. §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." Id. §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." Id. §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits

- 4 -

[the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] RFC based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner

considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.     *The ALJ's Decision*

At step one of the sequential evaluation, the Administrative Law Judge ("ALJ") determined that Plaintiff had not engaged in substantial gainful activity during the relevant period except for the first quarter of 2019, third quarter of 2019, third quarter of 2022, and first quarter of 2024. (Tr. 2345). At step two, the ALJ found that Plaintiff had the following severe impairments: migraine headaches; fibromyalgia; Raynaud's disease; lumbar degenerative disc disease; anxiety disorder; depressive disorder; later onset bilateral knee arthritis, status 2020 left knee arthroscopy; and later onset bilateral hip bursitis. (Tr. 2345-47). At the third step, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 2347-51).

After step three, but before step four, the ALJ concluded that Plaintiff had the RFC to perform a range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with additional nonexertional and mental limitations, including "no overhead

reaching bilaterally." (Tr. 2351-52). At step four, the ALJ determined that Plaintiff had no past relevant work. (Tr. 2376). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 2376-77). Accordingly, the ALJ determined that Plaintiff is not disabled within the meaning of the Act. (Tr. 2377).

IV.    *Plaintiff's Challenge*

Plaintiff first argues that the case must be remanded, because the ALJ erred at step five by failing to reconcile adequately the conflicts between the Dictionary of Occupational Titles ("DOT") and the VE's testimony.  The Court agrees.

In his RFC finding, the ALJ found that Plaintiff can perform "no overhead reaching bilaterally." (Tr. 2352). However, all the jobs identified by the VE and cited by the ALJ at step five required frequent reaching.  *See* Preparer, DICOT 700.687-062, 1991 WL 678937; 1991 WL 679616; Touch-up Screener, Printed Circuit Board Assembly, DICOT 726.684-110; Order Clerk, Food and Beverage, DICOT 209.567-014, 1991 WL 671794. The Second Circuit has held that the term "reaching" as used in the Social Security regulations includes overhead reaching. *Lockwood v. Comm'r of Soc. Sec.,* 914 F.3d 87, 92 (2d. Cir. 2019) (quoting SSR 85-15). Thus, there is an apparent conflict between the VE's testimony and the DOT.

An ALJ may rely on vocational expert testimony, but it "generally should be consistent" with the DOT. SSR 00-4P. When the two are in conflict, an ALJ must "elicit a reasonable explanation for the conflict" before relying on that testimony. *Id.*; *see Stover v. Comm'r of Soc. Sec.,* No. 17-CV-1029-FPG, 2018 WL 5262463, at *3 (W.D.N.Y. Oct.

23, 2018) ("This Ruling places 'an affirmative duty on the ALJ to identify and resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony.'").

The ALJ has an affirmative duty that "is not fulfilled simply by taking the [vocational expert] at his word that his [or her] testimony comports with the [DOT] when the record reveals an apparent conflict." *Lockwood*, 914 F.3d at 93-94 (*quoting Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1366 (11th Cir. 2018)). The ALJ has "an independent, affirmative obligation" to "undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the [VE] if there is one." *Id.* Thus, "failure to reconcile" means the VE's testimony cannot stand as substantial evidence.

Here, at the hearing, the ALJ asked if the testimony was consistent with the DOT, and the VE replied that it was, except for several factors. (Tr. 2457), including overhead reaching, which the VE stated was, "implied." (Tr. 2457). The ALJ then stated that "an example of that implication would be someone who worked as a craftsman, a drywall hanger, an electrician, a plumber. Although the DOT doesn't specifically talk about overhead reaching, it certainly is implied with regards to those occupations[.]" (Tr. 2457).

It is unclear to the Court how this testimony adequately addressed the inconsistency. The ALJ asked the VE if there were any inconsistencies between his testimony in this case and the DOT, and the VE then went on to talk about other jobs that required overhead reaching. (Tr. 2457). He did not make clear what it means for overhead reaching to be "implied." In any event, the VE only discussed other jobs. (Tr. 2457). As far as the Court can discern, whether an individual needs to reach overhead to be a drywall hanger or a plumber is not relevant to being a touch-up screener, order clerk, or bench hand. To adequately address such an inconsistency, the ALJ must elicit from the

VE testimony as to "how the job can be done by someone with the claimant's limitations." *Roderick R. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00577-TPK, 2023 WL 3642035, at *7 (W.D.N.Y. May 25, 2023); *See Rachel F. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00324 CJS, 2023 WL 2595007, at *8 (W.D.N.Y. Mar. 22, 2023) (remanding where "VE offered no information about the reaching requirements of the identified jobs as they are actually performed, nor did she delve into the DOTs narrative descriptions to identify some difference between overhead reaching and other types of reaching"); Lance P. v. Comm'r of Soc. Sec., No. 21-CV-06123-FPG, 2023 WL 2573321, at *4 (W.D.N.Y. Mar. 20, 2023) (holding it was not enough for ALJ to accept VE testimony that he or she "relied upon my profession knowledge and observations, information obtained … providing vocational rehabilitation services").

Here, neither the ALJ nor the VE addressed what overhead reaching was required for these jobs and whether the Plaintiff in this case, who could perform **no** overhead reaching, could do these jobs.  The ALJ's failure to adequately resolve the inconsistency was error, especially because at step five, the burden shifts to the ALJ. *See Nobile v. Comm'r of Soc. Sec.*, No. 16-GV-0871, 2017 WL 3054846, at *7 (N.D.N.Y. July 19, 2017) ("Because these conflicts do raise serious questions that are unresolvable based on the current record as to whether the vocational expert's testimony constitutes substantial evidence to support the ALJ's conclusions, remand for further exploration and explanation related to these issues is warranted, particularly as these conflicts appear to invalidate the Step Four finding, and the burden then shifts to the ALJ at Step Five."). As such, remand is required.

The ALJ also erred in this case by giving substantial weight to the opinion of the medical expert, Dr. Heather Berens, M.D. Ph.D., but then failing to explain why he rejected that part of Dr. Berens' opinion stating that Plaintiff would be off task 10% to 20% of the workday.  In giving Dr. Berens' opinion substantial weight, the ALJ needed to either include the off-task limitation in the RFC or explain why he was rejecting it.  Instead, he ignored it, without explanation.

Generally, an ALJ must "reconcile discrepancies between her RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). When the RFC conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." *Id*. While an "ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' he cannot simply selectively choose evidence in the record that supports his conclusions." *Id*.; *see Caternolo v. Astrue*, No. 6:11-CV-6601 MAT, 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("It is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.") (internal quotations omitted). "Thus, when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions." *Dotson v. Berryhill*, No. 17-CV-129-FPG, 2018 WL 3064195, at *3 (W.D.N.Y. June 21, 2018) (remanding when ALJ accepted a portion of a medical source statement, but ignored the specific limitations); *see Renee M. B. v. Comm'r of Soc. Sec.,* No.1:19-CV-00922 (JJM), 2021 WL 716704, at *7 (W.D.N.Y. Feb. 24, 2021) (remanding where the ALJ "appeared to incorporate some … imitations and their severity, but not others, into the RFC, with no explanation" and  "her failure to explain her reasoning was a legal error"). Failure to provide an explanation requires remand. See Valerie R. v.

Comm'r of Soc. Sec., No. 1:19-CV-00410 EAW, 2021 WL 671597, at *4 (W.D.N.Y. Feb. 22, 2021) ("The ALJ provided no explanation whatsoever of his thought processes, and it would be improper for the Court to speculate as to the basis for his conclusions. … Remand for further proceedings is thus required.").

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is granted and defendant's motion for judgment on the pleadings (Dkt. No.19) is denied. The case is remanded for further administrative proceedings. The Clerk of Court shall take all steps necessary to close the case.

**SO ORDERED.**

Dated:      August 7, 2026
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge